**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:07-CV163-R**

**JUNE BAKER WORD**                                                          **PLAINTIFF**

**v.**

**CHRISTIAN COUNTY KENTUCKY** *et al.*                                   **DEFENDANTS**

### MEMORANDUM OPINION

The plaintiff, June Baker Word, filed this civil action against Christian County Kentucky;

Steve Tribble, Christian County Judge Executive; and Freida Gilford, Director of the Christian

County Animal Shelter.  Since Plaintiff is proceeding *in forma pauperis*, this Court must review

the instant action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601

(6th Cir. 1997).  The Court will dismiss Plaintiff's complaint for the reasons set forth below.

### I.  SUMMARY OF CLAIMS

Plaintiff used a court-supplied general complaint form to initiate this lawsuit.  Under the

section of the form directing Plaintiff to state the grounds for filing her case in federal court

(including any federal and/or U.S. Constitutional provisions), Plaintiff states:  "Abuse of my

rights as an elderly person.  I am 81 years old and have had my property stolen."  In the

"statement of claim" section of the form complaint, Plaintiff explains her claim as follows:

> Now that my daughter's state appeals have been exhausted, I am reinstating my suit
> to recover my animals taken from me via her false charge of animal abuse.  While
> we have no proof of this, several animal professionals have told us Mrs. Gilford
> made this charge to get our pure breds.  My animals include:
>
> 4 dogs-Max, a Neopolitan Mastiff which she sent to the Humane Society; Tess,
> Australian Shepherd/Collie Mix, Dylan, pure bred Pembroke Welsh; Katrina, pure
> bred miniature Daschund
>
> 12 cats-Ariel and Samantha, yellow tigers; Miranda Blue, very large gray-white mix;

Cassie, very small Russian Blue mix; Amelia, Sebastian, Bobby, all black; Percy, buff long hair mix; C.S. and Lionel, black and white mixes; Miss Fi, gray Tiger; and Felix, pure bred Himalayan

1-rabbit

1-guinea pig

As relief Plaintiff states that she is seeking the following:

a. Return all of my animals to me-reverse all adoptions and/or fosterings without any charge for care; and

b. County Judge Tribble and Mrs. Gilford pay me $500,000 for the pain I have suffered having my babies snatched from me.  Also for the deaths of one much loved cat and one precious rabbit from negligence by shelter personnel, Mrs. Gilford especially.  These animals are like children to me.  I was forced to break my commitment to them and we have been denied each others' company for 16 months already.  This is cruelty to an 81-year old woman and to the animals that loved and trusted me.

## II. ANALYSIS

Upon initial review of the complaint, this Court must dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, --U.S.--,127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "A plaintiff's

obligation to provide the grounds of his entitlement to relief requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at

1964-65.  Additionally, even though a complaint need not contain "detailed" factual

allegations, its "[f]actual allegations must be enough to raise a right to relief above the

speculative level on the assumption that all the allegations in the complaint are true." *Id.*

    Although Plaintiff states that the basis of her claim is elder abuse/discrimination,

nowhere does Plaintiff actually allege that her age was the motivating factor behind Defendants'

decision to seize the animals.  To the contrary, Plaintiff suggests that the animals were removed

because Defendant Gilford wanted the pure breeds for her own financial gain.  Therefore, at

most, Plaintiff has alleged the wrongful taking of her property.

    The Supreme Court has held that where adequate remedies are provided by state law, the

negligent or intentional loss or destruction of personal property does not state a claim cognizable

under the Due Process Clause.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*,

451 U.S. 527 (1981), *rev'd on other grounds by, Daniels v. Williams,* 474 U.S. 327 (1986).  In

order to assert a claim for deprivation of property without due process pursuant to 42 U.S.C.

§ 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to

remedy the deprivation.  *Parratt,* 451 U.S. 543-44.  The law of this Circuit is in accord.  For

example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the court held that "in § 1983

damage suits claiming the deprivation of a property interest without procedural due process of

law, the plaintiff must plead and prove that state remedies for redressing the wrong are

inadequate." *Id.* at 1066.  The Sixth Circuit has found that Kentucky's statutory remedy for such

losses is adequate within the meaning of *Parratt*.  *See Wagner v. Higgins*, 754 F.2d 186, 191-92

(6th Cir. 1985).   The same rationale applies to claims under the Fifth Amendment Takings Clause; that is, no taking has occurred absent a showing that available remedies have been pursued and have failed to provide adequate compensation. *Hudson v. Palmer*, 468 U.S. 517, 539 (1984) (O'Connor, J., concurring).

Here, Plaintiff has failed to allege that there are inadequate state remedies available through which she can either seek return of or compensation for the fair market value of the animals.[1]  As such, Plaintiff cannot maintain a federal cause of action against Defendants for taking the animals.  Therefore, the Court must dismiss this action for failure to state a claim.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:  Plaintiff, *pro se*
4413.008

---

[1]The Court is mindful that many pet owners, like Plaintiff, consider their pets to be much more than mere property.  However, under Kentucky state law dogs and cats are considered to be items of property, and state law provides for compensation for the wrongful/unauthorized destruction of such animals based on the fair market value of the animal. *See Duff v. Louisville & Nashville Railroad Co.*, 292 S.W. 814 (1927); *Ammon v. Welty*, 113 S.W.3d 185, 187 (Ky. Ct. App. 2002) ("The affection an owner has for, and receives from, a beloved dog is undeniable.  It remains, however, that a dog is property, not a family member . . . The loss of love and affection resulting from the loss or destruction of personal property is not compensable.").